**Dorothy THOMAS, as next friend and in behalf of her minor child, Mitchell Moore, and all other persons similarly situated**

v.

**The Honorable Roger C. MEARS, Jr., Judge of the Juvenile Court for Pulaksi County, and Judith Rogers, Referee of the Pulaski County, Arkansas, Juvenile Court.**

No. LR–C–73–26.

United States District Court,
E. D. Arkansas, W. D.

Aug. 13, 1979.

Philip E. Kaplan, John M. Bilheimer, Kaplan, Brewer, Bilheimer & Marks, Mary Ann Spencer, Central Arkansas Legal Services, Little Rock, Ark., for plaintiffs.

Hugh L. Brown, Deputy Pros. Atty., Sixth Judicial Circuit, Little Rock, Ark., for defendants.

## CONSENT DECREE

EISELE, Chief Judge.

This decree is entered into by agreement of the parties in settlement of all the issues involved in this litigation.

## I. *DETENTION INTAKE*

A. Whenever a child is taken to the Detention Center, an immediate attempt will be made to notify the parents or guardian of the child. The child shall be returned to his home without bond unless (1) the alleged offense involves the use of violence towards himself or others and secure custody is immediately necessary to prevent further harm to himself or others, (2) the child has committed repeated offenses and the safety of persons or property in the community is likely to be endangered if he is released, (3) the child has run away from home and is unwilling to return home, or (4) a parent or guardian of the child cannot be located. If the child is not returned home, immediate efforts shall be made to explore the possibilities of temporary placement other than in the Detention Center, including but not limited to a relative's home, foster home, or half-way house. If the child or his parent expresses an interest in having an attorney present, the intake process shall cease immediately and shall not be resumed in the absence of the child's attorney.

In cases of a serious offense or of repeated offenses, if the court is convinced there is a strong likelihood that bond must be posted to assure that the child will not flee the jurisdiction of the court, bond may also be fixed. It shall be the policy of the Juvenile Court, however, not to require bond under this provision as a matter of routine. Bond shall be required hereunder only in the most compelling circumstances.

B. If a child is detained at the Detention Center following intake, a hearing shall be held as soon as possible. If a child is taken to the Center after noon on a Friday, the hearing shall be held not later than the end of the next regular business day. In all other cases, the hearing shall be held not later than 72 hours from the time the child was taken to the Detention Center.

C. At the hearing, the judge or referee shall take sworn testimony to determine whether probable cause exists to believe that the child committed the alleged offense and whether secure custody is necessary pending further proceedings. The presiding judge or referee shall not have participated in the initial determination concerning detention for the alleged offense. At the detention hearing the child has the following rights of which he and his parents or guardian shall be orally informed by the judge or referee at the commencement of the hearing:

(1) That the child has a right to the assistance of an attorney and that an attorney will be appointed by the Court if the child cannot afford to retain an attorney;

(2) That the child has a right not to make any statement whatsoever during the hearing or at any time prior to the final adjudication of his case, and that the child shall not be penalized in any manner for exercising that right;

(3) That any statements made by the child can and will be used against him; and

(4) That the child has the right to have an attorney present during any discussions of his case with law enforcement or Juvenile Court personnel.

D. The judge or referee shall not question the child concerning any elements of the offense which the child is alleged to have committed. No probation officer shall be permitted to present evidence concerning the alleged offense.

In all detention hearings, the child and his attorney shall have the opportunity to confront and cross-examine witnesses against the child and to present evidence concerning whether there is probable cause to believe the child has committed the alleged offense and the need for further detention. The child shall be returned to his home without bond unless (1) probable cause exists to believe that the child committed an alleged offense involving the use of violence toward himself or others and secure custody is necessary to prevent further harm to himself or others, (2) probable cause exists to believe that the child has committed repeated offenses and the safety of persons or property in the community is likely to be endangered if he is released, (3) the child has run away from home and is unwilling to return home, or (4) a parent or guardian of the child cannot be located. If the child cannot be returned home, temporary placement of the child shall be made in a relative's home, foster home, or half-way house wherever possible. If the child is continued in secure custody in the Detention Center pending further proceedings, the judge or referee shall set bond and shall set forth written reasons for the decision to detain.

E. If the child is continued in custody in the Detention Center, the child shall be given an adjudicatory hearing no later than 10 days from the date of the detention hearing. This time period may be extended only at the request of the child, his parents or guardian, or his attorney.

## II. PRELIMINARY INQUIRY

A. Whenever any person petitions the Court or initiates the filing of a petition, a preliminary inquiry shall be made to determine whether further proceedings are necessary for the protection of society and the best interests of the child.

B. Whenever possible, the child shall be released following counselling and warning. If the child is deemed in need of further counselling, he shall be referred, whenever possible, to a community agency for counselling or assistance as an alternative to court action. No conditions of probation or rules of supervision shall be ordered in the informal adjustment of referrals to the court.

C. The record of the preliminary inquiry including apprehension records, admissions, or confessions, and informal adjustments shall not be used in any subsequent adjudicatory proceeding in the juvenile court.

## III. ASSISTANCE OF COUNSEL

A. If a detention hearing is held for a child, the Juvenile Court shall at that hearing advise the child of his right to counsel, as set forth above. Not less than 72 hours prior to a child's adjudicatory hearing, if the Court's records do not reflect that the child is represented by counsel, he shall be notified in writing of his right to counsel; such notice may be combined with the notice and petition otherwise required by this decree.

B. At the commencement of any adjudicatory or dispositional hearing at which a child is not represented by counsel, the child shall again be advised of his right to counsel, even though he may have formally waived counsel previously.

C. An attorney shall be appointed for the child at any stage of the proceedings against him if the child cannot afford to retain an attorney, unless the child has freely, voluntarily and intelligently waived

that right. If the child or his parents indicate in any fashion that he or they may not be able to afford an attorney, the inquiry concerning the ability of the child to retain an attorney shall be limited to a consideration of the child's financial resources and not the financial resources of his family.

D. It shall be the policy of the Juvenile Court not to accept waivers of counsel, and they shall only be accepted where the court is able to find from the clear weight of the evidence, after questioning the child, that the child understands the full implications of the right to counsel, that the child freely, voluntarily and intelligently wishes to waive the right to counsel and that the decision to waive the right to counsel is the child's decision and not the decision of the parents or guardian of the child. No waiver of the right to counsel shall be accepted in cases in which the parent or guardian files a petition against the child, or initiates the filing of a petition against the child or requests the removal of the child from the home.

IV. *TYPES AND CONDITIONS OF CONFINEMENT*

A. Children detained at the Detention Center may be kept under any of three types of confinement: open care, secure custody, and individual confinement.

B. Any child who is kept at the Detention Center for his own protection or because he is a juvenile in need of supervision, as defined by *Ark.Stats.Ann.* § 45–603(3), shall be kept under open care. Any other child may be kept under open care.

C. Any child not kept under open care shall be held in secure custody, but shall not be held in individual confinement unless he has demonstrated that he is a serious threat to the physical safety of himself or others.

D. With the exception of recreation time, a child kept in individual confinement may be kept in an individual cell twenty-four hours a day. The Center will provide a room or rooms in which children individually confined may be visited by their families, attorneys, law enforcement officials, Center staff personnel, teachers, counselors, medical personnel and others without undue danger to such visitors.

E. The following shall apply to all children kept at the Detention Center:

(1) All children shall be allowed to wear civilian clothes all day, except those who are serious, genuine suicide threats. The Court will make every effort to ensure that any child who is a serious suicide threat will be incarcerated in a place other than the Center.

(2) Children shall be allowed daily visits from their families and attorneys at reasonable times.

F. Children kept under open care shall not be held in secure custody but shall as a general rule be permitted to enter and leave the Detention Center voluntarily, and shall in addition be granted all the privileges allowed children held in secure but not individual custody. The Center may, however, impose reasonable restrictions qualifying the privileges enjoyed by children held on open care. By way of example only, such restrictions may include limitations on the hours during which children may be absent from the Center, requirements that children attend school, and the like. Any restrictions so imposed must be written and prominently posted so as to be seen by children held on open care, and shall also be verbally explained to each child individually by a member of the Center's staff. Violation of such restrictions shall constitute grounds for a child's being removed from open care and placed in more secure custody for a period of up to 72 hours.

G. The following shall apply to children held in secure custody but not in individual confinement, and to children held under open care:

(1) Children shall be allowed out of their cells during the day.

(2) Children shall be allowed to use toilet facilities outside of their cells in the regular common toilet area of the facility.

(3) Children shall be allowed to eat their meals outside of their cells in a common area with other children in the facility.

(4) A child who has been kept at the Center for more than five days and who is

enrolled in a school in Pulaski County will be taken to his regular school classes, unless he has demonstrated that he is likely to escape from custody.

(5) All children who are held in detention longer than twenty-four (24) hours shall have the opportunity to engage in recreation outside of their cells. Recreation shall include at least two hours of daily outdoor recreation, weather permitting, and may include indoor activities such as watching television, playing ping pong, card games, weightlifting and the like. The defendants will make every reasonable effort to secure funding necessary to make secure recreational facilities available for this purpose.

(6) Any person other than family members and attorneys may visit children confined in the Center at reasonable times, but the administrator of the Center may restrict the number and time of visits from persons other than family members and attorneys if necessary because of insufficient staff or space to accommodate such visitors.

H. The following shall apply to children kept in individual confinement:

(1) The Center will contact the public school districts in Pulaski County and will make every reasonable effort to obtain the services of teachers or other qualified personnel to provide instruction to such children who have been kept at the Center for more than five days.

(2) Children confined to their cells must still be given a minimum of two hours recreation daily, with the opportunity that this recreation be out-of-doors if the weather permits. Pulaski County will make secure recreational facilities available for this purpose. Children who are confined to their cells do not have the right to exercise with other children in the Center.

(3) Children who are confined to their cells shall only be confined in cells which contain a working toilet and wash basin.

## V. ADJUDICATORY HEARING

A. Other than posted institutional rules promulgated for purposes of administering the Center in an orderly fashion, there shall be no restrictions, limitations or disabilities placed upon any child by the Juvenile Court except upon adjudication pursuant to the procedural rules set forth herein that the child is delinquent.

B. No less than 72 hours prior to an adjudicatory hearing, the juvenile and his parents or guardian shall be personally served with a written copy of a petition or other notice which shall include the following information in addition to that which is required by *Ark.Stat.Ann.* Section 45–423:

(1) Whether the child is being charged as a delinquent, a juvenile in need of supervision, or as a dependent-neglected child;

(2) If a child is charged with delinquency by virtue of having violated a criminal statute, the date and place the alleged acts constituting delinquency occurred, as well as a description of the alleged acts and the names of all persons allegedly involved;

(3) The names and addresses of all known witnesses to the alleged acts constituting delinquency; and

(4) That the child has the right to compel the attendance of witnesses at the hearing through subpoena.

C. At each adjudicatory hearing, each child shall have the following rights, of which the child and his parents or guardian shall be orally informed by the judge or referee at the commencement of the hearing:

(1) That the child has a right to the assistance of an attorney and that an attorney will be appointed by the Court if he cannot afford to retain an attorney, except that this statement need not be made if the child is then represented by counsel;

(2) That the child has a right not to make any statements whatsoever and that he shall not be penalized in any manner for exercising that right;

(3) That any statements made by the child can and will be used against him;

(4) That the child has the right to consult with an attorney before making any statement or answering any question;

(5) That the child may stop answering questions at any time;

(6) That the child has the right to a full hearing with the right to confront and cross-examine adverse witnesses;

(7) That as a result of any admission, confession, guilty plea, or adjudication of delinquency the child may be incarcerated in an institution until his eighteenth birthday; and

(8) That the child has a right to appeal any decision of the Juvenile Court.

No person associated with the Juvenile Court shall by word, implication, demeanor, or otherwise, influence a child to waive any of the rights enumerated hereinabove. It shall be the policy of the Juvenile Court to encourage each child coming before it to exercise all of the rights to which the child is constitutionally and statutorily entitled.

It shall be the duty of the Juvenile Court judge or referee to ascertain that the child and his parents or guardian fully understand the implications of each of the rights enumerated in this section.

D. No child shall be adjudicated delinquent except upon proof presented at the adjudicatory hearing. Before a child shall be adjudicated delinquent by virtue of having committed an act which if committed by an adult would be a violation of a state criminal statute, the child's guilt must be established by proof presented at the adjudicatory hearing beyond a reasonable doubt.

E. Only competent, relevant and material evidence shall be admissible at the adjudicatory hearing. In all cases in which the child is alleged to be delinquent by virtue of having committed an act which if committed by an adult would be a violation of a state criminal statute, evidence introduced at the hearing shall be subject to the same rules concerning admissibility which apply to criminal cases. In all other adjudicatory hearings, evidence introduced at the hearing shall be subject to the same rules concerning admissibility which apply to all civil cases.

F. No admission, confession, or plea of guilty to the offense shall be accepted unless:

(1) The child has been fully advised of his rights as enumerated herein;

(2) The child has been advised that as a result of an admission, confession or guilty plea he may be incarcerated in an institution until he reaches the age of 18 years; and

(3) After questioning the child, the Juvenile Court is satisfied beyond a reasonable doubt that he understands each and every element of the alleged offense; he has committed each and every element of the alleged offense; he is asserting no defense which might cause the charges against him to be dismissed; and he has consulted with his parents or guardian and attorney (unless properly waived) concerning the full implications of the admission, confession or guilty pleas.

G. No juvenile probation officer shall present evidence against the child or act as prosecutor against the child at any stage of the proceeding.

## VI. *DISPOSITIONAL HEARING*

A. Prior to disposition a social investigation shall be made by the probation officer concerning the child's need for counselling, supervision, or assistance, unless such investigation is waived by counsel. A written report shall be made which shall include all reasonably appropriate and available dispositions. If conditions of probation, rules of supervision, or placement outside of the child's home are recommended by the probation officer, reasons for such recommendations and a showing of how such conditions, rules, or placement will benefit the child shall be set forth in the report. In delinquency cases, copies of the report of social investigation and any other evaluations, reports, or recommendations submitted to the judge or referee shall be made available to the child, his parents or guardians, and his attorney.

B. The dispositional hearing shall be held subsequent to and separate from the adjudicatory hearing. The judge or referee shall not view or discuss reports, evaluations, or recommendations other than those submitted to the Court at the dispositional hearing. Sworn testimony concerning dis-

position shall be taken by the judge or referee. The child shall have the right to counsel, the right to confront and cross-examine witnesses, and the right to present evidence concerning disposition. At the commencement of the hearing, the judge or referee shall inform the child and his parent or guardian of such rights.

## VII. *DISPOSITION IN DETENTION CENTER PROHIBITED*

Except as provided in the Acts of Arkansas 1979, No. 815, the Juvenile Detention Center shall be used only for the short term confinement of children who are awaiting hearings for alleged delinquent conduct or for alleged criminal offenses. Otherwise, no child shall be confined in the Detention Center as a disposition or sentence, nor shall a child be confined in the Detention Center after completion of the dispositional hearing or the imposition of sentence, except those children who are awaiting transfer to an appropriate institution.

## VIII. *PHYSICAL PLANT AND PERSONNEL*

A. The defendants have undertaken to make improvements in the physical plant of the Detention Center. They commit to continue to make improvements already begun and to make additional plant improvements.

B. Work has begun in the area of the secure cells although funds have not yet been secured for the project completion. Defendants will make all applications for funds necessary and will commit all matching funds necessary to complete work on the secure cells. Said secure cells will be single occupancy cells each with their own toilet and lavatory facilities, bed and other necessary accommodations and shall be no smaller than the size presently established in the unfinished portion of said facility. Defendants will make every good faith effort to secure all of the funding necessary to complete the project in the fiscal year 1979. In addition, defendants will apply for all funds necessary to renovate and reconstruct the nonsecure, dormitory and support facilities in the same manner as they have committed to pursue funds for the secure area.

C. Defendants commit to the pursuit of all available federal and state funds to hire an Assistant Juvenile Judge and an adequate number of personnel to support the efforts of the judicial authorities, namely, a psychological examiner, counsellors, and social workers, all with appropriate masters level degrees.

IX. Defendants shall pay plaintiffs' counsel fees and costs in the total amount of $21,500.00, as total compensation for their services herein. That sum shall be paid as follows: $6,500.00 upon entry of this decree by a United States District Judge, and then $5,000.00 on the tenth day of each of the three calendar months beginning with the month following the date of such approval.

## X. *RETENTION OF JURISDICTION*

The Court retains jurisdiction of this case until December 31, 1980, to ensure compliance by defendants with their continuing responsibilities under this Decree. Jurisdiction will be automatically relinquished as of that date in the absence of written objection by the plaintiffs alleging noncompliance with the requirements of this Decree by the defendants.